IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERRY L. BELL                                                                          PLAINTIFF

v.                               CIVIL NO. 18-3020

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Terry L. Bell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on November 10, 2014, alleging an inability to work since August 15, 2011,[1] due to a head injury, inability to stay focused, a neck injury, headaches, multiple back injuries, a bent spine, titanium in the right leg from the knee down, feet problems, umbilical hernia, pain in the lower back, carpal tunnel in both hands, ulnar nerve problems, pain in back and nerves, legs give out and a touch of COPD. (Tr. 188, 317, 325). For DIB purposes, Plaintiff maintained insured status

---

[1] At the administrative hearing before the ALJ on December 17, 2015, Plaintiff's alleged onset date was amended to June 8, 2013. (Tr. 85, 110).

1

through September 30, 2014. (Tr. 85, 329). An administrative hearing was held on December 17, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 105-163).

By written decision dated April 19, 2017, the ALJ found that during the relevant time period, plaintiff had an impairment or combination of impairments that were severe. (Tr. 87). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, mild chronic bilateral carpal tunnel syndrome, mild chronic right ulnar neuropathy at the elbow, mild bilateral C5-C6 and C6-C7 cervical radiculopathies, obesity, asthma/chronic obstructive pulmonary disease (COPD), a history of hernia surgery, left subcutaneous mastectomy, bilateral upper extremity surgeries and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 88). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps/stairs; he can never climb ladders/ropes/scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can occasionally reach, handle and finger bilaterally; and he must avoid concentrated exposure to temperature extremes, humidity, wetness, fumes, odors, dusts, gases, poor ventilation, hazards, and driving as a part of work. He is further capable of work where interpersonal contact is only incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and the supervision required is simple, direct and concrete.

(Tr. 89). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a sandwich-board carrier, a cotton classer aide a dealer accounts investigator. (Tr. 97, 470).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 22, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See

Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 3rd day of May 2019.

                                          /s/ *Erin L. Wiedemann*
                                          HON. ERIN L. WIEDEMANN
                                          UNITED STATES MAGISTRATE JUDGE